3

Thomas L. Amberg, Jr. - SBN 269970
LAW OFFICES OF NELSON & SCHWAB
1420 River Park Drive, Ste. 140
Sacramento, CA 95815-4506

Ph: (916) 564-9588

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| In Re: | Case No. 2011-42389-B-7 |
|---|---|
| JAMES EDWARD COSTIGAN, III | Hearing Date: November 8, 2011<br>Hearing Time: 09:32 a.m.<br>Courtroom 32 - Dept B |
| CHRISTINE MARIE COSTIGAN | Honorable Thomas C. Holman<br>Docket Control No.: EJS-1 |
| Debtors | |

## MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' BUSINESS

Thomas L. Amberg, Jr. of Law Offices of Nelson & Schwab, on behalf of James Edward Costigan, III and Christine Marie Costigan, the Debtors herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's interest in the Debtors' Business. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on September 15, 2011. David Gravell was duly appointed to serve as Trustee.

2. As shown in the filed schedules of this case, the Debtors operate a business, Costigan Trucking. Said business is located at 8700 Camp Far West Rd in Sheridan, CA 95681.

3. The Debtors' tools of the trade, equipment, accounts receivable (if any) and other business-related assets (hereinafter, "BUSINESS ASSETS") have been disclosed in detail in the filed Schedules A and B (see exhibit #1 attached hereto). The business

Motion to Compel 1

assets in this case consist of a 2000 Peterbuilt truck  The Debtors have placed values on these assets in the aggregate total of $12,000.00.

4. As shown in Schedule D (See exhibit #1 attached hereto), the Debtors assert that no Creditors hold any liens against the BUSINESS ASSETS.

5. As shown in Schedule C (see exhibit #1 attached hereto), the Debtors have claimed exemptions totaling $12,000.00 against the values of the BUSINESS ASSETS.

6. In summary

   a. Gross value of BUSINESS ASSETS .................................................. $12,000.00

   b. Liens against the BUSINESS ASSETS ........................................... -$    .00

   c. Gross Equity ........................................................................... $12,000.00

   d. Exemptions claimed on the BUSINESS ASSETS ............................ -$12,000.00

   e. Net value of BUSINESS ASSETS to the estate .......................... $    .00

7. The Debtors assert that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets and (b) the exemptions, if any, in Schedule C claimed by the Debtors.

8. The Debtors are aware that, under the provisions of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtors' business; and then, only with an order of the Court.  Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

9. However, the Debtors assert that, based on the lack of any unexempt equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating OR shutting down this business.

Motion to Compel                              2

10. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors, to file a motion seeking to compel the Trustee to abandon property of the estate.

Wherefore, the Debtors move this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtors' Business.

Respectfully submitted on October 13, 2011.

_____
Thomas L. Amberg, Jr.
Law Offices of Nelson & Schwab